**Honorio Simai Reyes MENDEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76859.

United States Court of Appeals, Ninth Circuit.

Submitted on April 16, 2007 *.

Filed April 24, 2007.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sara Winslow, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Honorio Simai Reyes Mendez, and his wife, Fledida Feby Calderon, natives and citizens of Guatemala, petition for review of a Board of Immigration Appeals ("BIA") decision that summarily affirmed the ruling of an Immigration Judge ("IJ") denying their application for asylum and

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms the IJ's decision without opinion, the IJ's decision becomes the BIA's decision. *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir. 2004). We review for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition in part, grant it in part, and remand.

The IJ found that Reyes Mendez had not suffered past persecution and that he had not demonstrated a well-founded fear of future persecution. These findings are supported by substantial evidence, because Reyes Mendez testified he had never been harmed or threatened by guerillas in the past, *see Nahrvani v. Gonzales,* 399 F.3d 1148, 1153 (9th Cir.2005) (defining persecution as requiring the infliction of suffering or harm), and he presented no direct and specific evidence that would support a reasonable fear of future persecution. *See Gu,* 454 F.3d at 1019. Because Reyes Mendez failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

The IJ granted voluntary departure for a 48–day period and the BIA streamlined and changed the voluntary departure period to 45 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 48–day voluntary departure period.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**DENIED in part; GRANTED in part and REMANDED.**